# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FRED V. EASON,

          Plaintiff,

v.

LOUIS DEJOY,

          Defendant.

Case No. 21-CV-1012-JPS

**ORDER**

      This case comes before the Court on Defendant's motion to dismiss for insufficient process. ECF No. 6. Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011).

      On November 23, 2021, Plaintiff filed tracking information and a certified mail receipt showing delivery of a parcel to the "Postmaster General" in Washington, DC. ECF No. 4. To effect service on officers of the United States in their official capacity, in addition to serving the officer, a plaintiff must serve the summons and complaint on the United States Attorney General and the local United States Attorney's Office. Fed. R. Civ. P. 4(i)(1), 4(i)(2). Plaintiff has not satisfied the requirement to serve the United States, and pro se plaintiffs are not excused from properly effecting service. *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001) ("The fact that [the plaintiff] was proceeding pro se does not excuse her failure to comply with procedural rules.").

Certainly, there are situations in which a court must give a plaintiff reasonable time to cure a defect in service. First, neither of the exceptions under Rule 4(i)(4) apply: Plaintiff failed to serve the United States (eliminating Rule 4(i)(4)(A)), and Plaintiff is not suing Defendant in his individual capacity (eliminating Rule 4(j)(4)(B)). Second, Rule 4(m) provides, in relevant part,

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, Plaintiff filed his complaint well over half a year ago, on August 30, 2021. In his letter requesting a jury trial, Plaintiff states that he served Defendant using the United States Postal Service, "the exact same procedure the [USPS] uses." ECF No. 12. It makes no difference, however, that Plaintiff attempted to serve Defendant using Defendant's own services. "Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4." *McMasters*, 260 F.3d at 817. Further, in 2003, Plaintiff successfully effectuated service on the then-Post Master General, John E. Potter. *See* Case No. 03-CV-812, ECF No. 8, 9, 10 (showing certificates of service for John E. Potter, the U.S. Attorney, and the Attorney General). Further, Defendant has not evaded service, and Defendant's ability to defend would be harmed by an extension, in light of the fading of memories and potential relocation or turnover in employment of witnesses. Finally, Plaintiff did not request an extension to perfect service and has shown no diligence in prosecuting this action. Dismissal, rather than an

extension of time, is appropriate. *Cardenas*, 646 F.3d at 1005 (noting that if a plaintiff fails to show good cause, "the decision of whether to dismiss or extend the period for service is inherently discretionary" and is reviewed for abuse of discretion).

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss, ECF No. 7, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment, ECF No. 6, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for failure to effectuate process.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of June, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge